## UNITED STATES v. DE TOLNA.

(District Court, E. D. New York. February 14, 1923.)

**Courts ⬅⟶509—Court held to have jurisdiction of suit to set aside judgment restoring lost record of naturalization.**

Under the power conferred by Naturalization Act June 29, 1906, § 15 (Comp. St. § 4374), a federal court has jurisdiction of a suit by the United States to set aside a judgment of a state court of California, rendered under the Burnt Record Act of that state, restoring the record of a decree of naturalization.

In Equity. Suit by the United States against Rudolph Festetics de Tolna. On motion to dismiss bill. Denied.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Joseph M. Crooks, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

I. Lewis Dreeben, of New York City, for respondent.

GARVIN, District Judge. This is a motion by defendant to dismiss the petitioner's bill, upon the following grounds, four in number:

"I. Said bill of complaint nowhere tenders the issue of fraud in procuring the naturalization certificate, but is wholly and entirely a statement of evidence on an argument on the law.

"II. Said bill of complaint is not brought under the Naturalization Act of June 29, 1906, c. 3592, § 15, but is wholly extraneous thereto, and this court is without jurisdiction thereof, because it is an attempt to cancel a valid decree of a state court restoring a record, and is not a suit nor proceeding to cancel a certificate of naturalization.

"III. Because as to the fact that a naturalization certificate was granted to the respondent on the 6th of April, 1906, the decree of the superior court in and for the city and county of San Francisco, in the state of California, is res adjudicata and binding upon this forum; that such decree was rendered by such court, as set up in and shown on the face of the bill of complaint herein.

"IV Because as to such decree by said state court the petitioner is estopped by reason of the fact that, as shown by petitioner's bill of complaint, petitioner appeared and was represented therein. Such authority is specifically conferred by paragraph 4370 of the United States Compiled Statutes 1918. The decree of said court finding that a certificate of naturalization had on the 6th of April, 1906, been issued in that court to the respondent, was as to the fact of issuance and the existence of such certificate binding and conclusive upon petitioner, and it cannot now attack such decree in this forum. The decree did not naturalize this respondent, but simply restored the record of a certificate of naturalization theretofore granted him by said superior court in and for said city and county of San Francisco, in the state of California. This instant proceeding as appears from the petitioner's bill of complaint. and the prayer thereof is brought specifically and only for the purpose of setting aside such decree, and this is not, as brought, a proceeding to cancel a certificate of naturalization, and this court has no jurisdiction of this proceeding as brought."

The proceeding is brought by the United States of America to set aside a judgment of the superior court of California in and for the city and county of San Francisco, rendered in February, 1916, restoring to

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the judgment records of said court a decree naturalizing the respondent, which had been filed in that court April 6, 1906. The judgment sought to be set aside was rendered under the "Burnt Record Act" of California (St. Ex. Sess. 1906, p. 73), which was enacted to afford relief to those who had been prejudiced by the destruction of public records during the great earthquake and fire which had overwhelmed San Francisco on April 18, 1906.

It cannot be denied that this court would have jurisdiction to cancel the certificate of naturalization granted to the defendant under the order dated April 6, 1906. The judgment of the court rendered in February, 1916, had all the effect of re-establishing rights granted under the order admitting to citizenship. If, after a trial of the issues the government is able to sustain all the allegations of the bill, this court should be slow, indeed, to construe any close technicality in favor of one who may be expected to be a menace rather than an asset to the nation to whom he gave his false vows of fealty nearly two score years ago.

Motion denied.